UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

MICHAEL LOMBARDI,

                Plaintiff,

   v.

COLUMBIA RECOVERY GROUP, LLC,

                Defendant.

NO. C12-1250 RSM

ORDER ON MOTION FOR SUMMARY JUDGMENT

## I.  INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Summary Judgment (Dkt. # 23). Plaintiff Michael Lombardi filed this action against Defendant Columbia Recovery Group, LLC ("CRG") for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. For the reasons that follow, Plaintiff's motion shall be GRANTED.

## II.  BACKGROUND

Mr. Lombardi brought this FDCPA action after he received a debt collection notice sent by CRG on December 1, 2011. The debt alleged in the notice relates to a personal apartment lease between Mr. Lombardi and 705 Weller Apartments in Seattle, Washington. *See* Dkt. # 1, ¶ 10. The notice sent by CRG stated in relevant part:

    Unless you notify this office within thirty days of receiving this notice

ORDER ON MOTION FOR SUMMARY JUDGMENT - 1

> that you dispute the validity of this debt, this office will assume this debt is valid. If a written dispute is received within thirty days this office will obtain verification of the debt and if requested forward the proof of your liability to you.

Dkt. # 1-1, p. 2. Mr. Lombardi contends that this language constitutes a violation of 15 U.S.C. § 1692g(a)(3) and (4). Specifically, Mr. Lombardi contends that CRG's notice violated § 1692g by failing to explicitly state that Plaintiff could challenge "any portion" of the debt. In addition, Mr. Lombardi contends that the notice violated § 1692g because it included language that improperly imposed a requirement not found in the language of the statute. CRG stipulates that the notice attached to Mr. Lombardi's Complaint is a true and correct copy of letter sent by CRG. Dkt. # 25, p. 2.

### III.  DISCUSSION

**A. Legal Standard**

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986). In ruling on a motion for summary judgment, the court does "not weigh the evidence or determine the truth of the matter but only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *FDIC v. O'Melveny & Myers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds*, 512 U.S. 79 (1994)). Material facts are those which might affect the outcome of the suit under governing law. *Anderson,* 477 U.S. at 248.

The parties do not contest any factual issues in this matter. The single issue before the Court is whether the language of the debt collection notice violated the FDCPA. A violation

of a provision of the FDCPA is sufficient to establish liability on summary judgment. *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1064 n.6 (9th Cir. 2011).

**B. Analysis**

Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The statute regulates the conduct of debt collectors by "imposing affirmative obligations and broadly prohibiting abusive practices." *Gonzales*, 660 F.3d at 1061. Although the statute may be enforced by the Federal Trade Commission, private litigants may bring suit as "private attorneys general." *Id.* As a strict liability statute, litigants need not demonstrate proof of an intentional violation under the FDCPA. *See id.*

To determine whether a debt collector's conduct violates the FDCPA, the court engages in an objective analysis that applies the "least sophisticated debtor" standard. *Moritz v. Daniel N. Gordon*, P.C., 895 F. Supp. 2d 1097, 1103 (W.D. Wash. 2012). "This standard ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd . . . the ignorant, the unthinking, and the credulous." *McCollough v. Johnson, Roednbuerg & Lauinger*, LLC, 637 F.3d 939, 952 (9th Cir. 2011) (internal quotations omitted) (alteration in original).

1. <u>Omission of "any portion" language in CRG's notice</u>

Plaintiff contends that because CRG's notice to Mr. Lombardi failed to explicitly state that he could challenge any portion of the debt, the notice violates the requirements of §

1692g. CRG contends that the debt collection letter "implicitly" put Plaintiff on notice that he could challenge the debt or any portion thereof. *See* Dkt. # 24, p. 4.

Section 1692g(a)(3) provides as follows:

(a) Notice of debt; contents
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
. . .
**(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, *or any portion thereof*, the debt will be assumed to be valid by the debt collector;

15 U.S.C. § 1692g(a)(3) (emphasis added). The Ninth Circuit Court of Appeals has held that the FDCPA requires a debt collection notice to inform the debtor that she may dispute any portion of the debt. *Baker v. G. C. Servs. Corp.*, 677 F.2d 775, 778 (9th Cir. 1982). This is because "[a] debtor who does owe a valid obligation to the creditor but could dispute finance charges, interest, or have some valid defense, might not be put on notice that he could dispute these additional charges." *Id.* CRG argues that *Baker* may be distinguished on its facts because the notice at issue in that case failed to apprise the debtor of her right to dispute the debt at all. CRG asks the Court to consider *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025 (6th Cir. 1992), as persuasive authority that the notice need not explicitly contain the phrase "any portion."

After *Baker*, district courts have found that where a collection notice omits the phrase "any portion," such omission constitutes a violation of the FDCPA. For example, in *McCabe v. Crawford & Co.,* 272 F.Supp.2d 736 (N.D. Ill. 2003), the district court found that the omission of "any portion" from the language of the collection notice violated § 1692g(a). The

ORDER ON MOTION FOR SUMMARY JUDGMENT - 4

court explained that "Congress clearly felt that the words 'any portion' were needed in the validation notice to inform the debtor of his rights or it would not have required the words to be put in the notice." *Id.*

Contrary to CRG's argument, the notice at issue in *Transworld* is distinguishable. The *Transworld* notice stated that "[a]ll *portions* of this claim shall be assumed valid unless disputed within thirty days of receiving this notice." 953 F.2d at 1029 (emphasis added). As the district court noted in *Dutterer v. Thomas Kalperis Int'l, Inc.*, "[i]n this case, unlike *Transworld*, neither "portion" nor any synonymous term or phrase appears in the notice from which the least sophisticated debtor might implicitly deduce that he could partially dispute the debt." 767 F. Supp. 2d 504, 509 (E.D. Pa. 2011). The same is true here; there is simply no word or phrase contained within the debt collection notice that puts the least sophisticated debtor on notice that she may dispute a portion of the debt. Accordingly, the Court finds that CRG's collection notice violated § 1692g(a)(3).

2. <u>Inclusion of "if requested" in CRG's notice</u>

Plaintiff argues that CGR's notice further violates the FDCPA because it imposed upon Plaintiff a requirement that he request a verification of the debt. The notice states that "[i]f a written dispute is received within thirty days this office will obtain verification of the debt *and if requested* forward the proof of your liability to you." Dkt. # 1-1, p. 2. (emphasis added).

The statute provides as follows:

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;

15 U.S.C. § 1692g(a)(4). In other words, the statute requires the debt collector to obtain and mail verification to the consumer upon receipt of the consumer's written dispute. 15 U.S.C. § 1692g(a)(4). There is no requirement that the debtor need make a request to receive verification of the debt. *See id.* CRG makes two arguments why requiring the debtor to request verification of the debt does not violate the statute. First, CRG contends that the additional language "does not carry the same risk of overshadowing a debtor's rights to dispute the debt." Dkt. # 25, p. 5. Second, CRG contends that "the express language of 15 U.S.C. § 1692g(a)(4) [] lead[s] to an absurd result and confusing conclusion." *Id.* Neither argument has merit.

As to CRG's first argument, because the FDCPA is a strict liability statute, it is of no moment that inclusion of CRG's additional requirement may not be as egregious as failing to notify a debtor's right to dispute the debt. If the additional requirement violates the statute, then CRG may be found liable. As to its second argument, the express language of 15 U.S.C. § 1692g(a)(4) does not lead to an absurd or confusing result. CRG's brief states that

> [b]ecause an oral dispute by the debtor will not trigger the verification requirements of 15 U.S.C. § 1692g(a)(4), omission of the language directing the debtor to request verification of the disputed debt in writing could lead a debtor to incorrectly assume that an oral dispute will result in verification being sent to them, thereby causing the 30 day window to trigger such verification from the debt collector to lapse. Defendant's inclusion of the requirement that the debtor affirmatively request such verification in writing negates this possibility by notifying the debtor that additional steps beyond oral dispute of the debt are required to obtain verification of the debt. However, it is for this court to decide if the additional language requiring the debtor to request such verification went too far.

Dkt. # 25, p. 6. The argument appears to be that while 15 U.S.C. § 1692g(a)(3) has been interpreted to permit a debtor to orally dispute a debt (*see Camacho v. Bridgeport Financial*

*Inc.*, 430 F.3d 1078 (9th Cir. 2005)), § 1692g(a)(4) requires a written dispute to trigger the debt collector's obligation to provide verification of the debt, which leads to the "absurd" result that an oral dispute would not trigger the verification requirement. CRG claims that by affirmatively requiring the debtor to request verification of the debt, it has solved the hypothetical situation where a debtor orally disputes the validity of the debt under § 1692g(a)(3), but fails to send a written dispute that would trigger the debt collector's obligation to send verification under § 1692g(a)(4).

Generally, "when a statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004). In considering the relationship between the relevant subsections of the FDCPA, the Ninth Circuit stated that "[t]he plain meaning of § 1692g is that debtors can trigger the rights under subsection (a)(3) by either an oral or written 'dispute,' while debtors can trigger the rights under subsections (a)(4) and (a)(5) only through written dispute." *Camacho*, 430 F.3d at 1081. It held that the plain language of § (a)(3) does not lead to an absurd result because oral notice triggers statutory protections that are lesser than those triggered when written notice is provided. *Id.* at 1081-82.

In light of *Camacho*, §§ (a)(3) and (a)(4) are internally consistent because different statutory protections are triggered depending on whether the debtor submits an oral or written notice to dispute the debt. CRG's additional language attempts to insert a requirement that is not part of the statute. Because the Court "is not at liberty to insert any additional language" into the statutory scheme when the meaning of the statute is not absurd, CRG's notice violates the plain meaning of the statute. Although neither party addressed whether giving effect to the

statute's plain meaning is consistent with the FDCPA's legislative intent, the Court assumes, as discussed in *Camacho*, that the plain meaning of § 1692g does not frustrate Congress's intent to protect consumers. 430 F.3d at 1082. Accordingly, CRG's debt collection notice also violated § 1692g(a)(4).

3. Damages

Although the FDCPA provides for recovery of actual damages under § 1692k, CRG contends that Plaintiff has waived his claim for actual damages by failing to raise it the motion for summary judgment. Plaintiff failed to respond to this argument. A failure to respond may be treated by the Court as an admission that the argument has merit. *See* LCR 7(b)(2). Accordingly, the Court deems the claim for actual damages waived.

The FDCPA also provides for an award of statutory damages up to $1,000.00. 15 U.S.C. § 1692k. To determine the amount of statutory damages to award, the court must consider the following three factors: (1) the frequency and persistence of noncompliance by the debt collector; (2) the nature of such noncompliance; and (3) the extent to which such noncompliance was intentional. 15 U.S.C. 1692k(b)(1). CRG contends that Plaintiff failed to submit evidence of persistent noncompliance as the evidence supports only noncompliance with respect to Plaintiff's case. Plaintiff did not respond to CRG's argument nor did he address the issue of damages in his moving brief.

The record does not provide information from which the Court could conclude that CRG's violation was frequent or persistent. Moreover, Plaintiff has not argued that CRG's violations were severe or intentional. Thus, a nominal damage award is appropriate in this case. Accordingly, the Court awards damages in the amount of $1.00. Plaintiff shall submit a

motion for attorney's fees as provided for under the FDCPA within thirty (30) days of this Order

### IV. CONCLUSION

Having considered the motion, the response thereto, the attached exhibits and declarations, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Plaintiff's Motion for Summary Judgment (Dkt. # 23) is GRANTED;

(2) Statutory damages shall be awarded in the amount of $1.00;

(3) Plaintiff shall file a motion for attorney's fees recoverable under the FDCPA within thirty (30) days.

DATED this 9 day of October 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE